FILED

IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA   2020 NOV 19 PM 2: 24

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA, FLORIDA

BREACH OF CONTRACT

CASE NO.: 5:20 CV-562-OC-30PRL

R+W THE MASTER ENTERPRISE
WANDA I. GONZALEZ
RAMON BORRERO
**PLAINTIFFS'**

VS.

**JENNIFER LYNN SZABO**
**SZABO, JILL**
Management
La La's Nail LOUNG LLC & register
Prior La La's Nail Salon
**DEFENDANTS'**

---

JENNIFER LYNN SZABO
SZABO, JILL
Management
La La's Nail LOUNG LLC/LA LA'S NAIL SALON

WANDA I. GONZALEZ
RAMON BORRERO
**PLAINTIFFS' PRO-SE**
4849 SE 110TH ST., STE 60
BELLEVIEW, FL 34420

JENNIFER SZABO
SZABO, JILL
**DEFENDANTS'**
La La's Nail LOUNG LLC & register
Management
Prior Name
2111 SW HIGHWAY 484
OCALA, FL 34473

Receipt # OCA 11611
$400⁻

# TABLE OF CONTENTS

Table of Authorities and Statues_____ 1

Statement of the Case and Facts _____ 1

I. The verbal contract agreement between Wanda I. Gonzalez and Jennifer Lynn Szabo.
II. STATUE: Fla. Stat. § 713.346 ("The failure to pay any undisputed obligations for such labor, services, or materials within 30 days after the date the labor, services, or materials were furnished and payment for such labor, services, or materials became due, or within 30 days after the date payment for such labor, services, or materials is received, whichever last occurs, shall entitle any person providing such labor, services, or materials to the procedures specified in subsection (3) and the remedies provided in subsection (4).
III. In Florida, a lawsuit based on a written contract must be brought within five (5) years. § 95.11(2)(b), Fla. Stat. (2014). A lawsuit based on an unwritten (verbal or oral) contract is four (4) years. § 95.11(3)(k), Fla. Stat. (2014).
IV. When a breach occurs that has a significant impact and the integrity of a contract is destroyed, it constitutes a material breach
V. In contract law, breach of contract, also called breach of agreement, refers to the violation of any term or condition of a binding agreement. It generally occurs when at least one party doesn't fulfill his or her commitments under the contract. This breach could be anything from an incomplete job or a missing payment to more serious violations, such as not providing a bond when required or substituting substandard goods.
VI. Foundationally, in Gulf Solar, Inc. v. Westfall, the Second District Court of Appeal determined that "As long as an essential ingredient is not missing from an agreement, courts have been reluctant to hold contracts unenforceable on grounds of uncertainty, especially where one party has benefited from the other's reliance." Gulf Solar, Inc. v. Westfall, 447 So.2d 363 (Fla. 2d DCA 1984); Community Design Corp. v. Antonell, 459 So.2d 343 (Fla. 3d DCA 1984

Defamation of character used by the defendant against the plaintiff's making and describing a false statement written and spoken in social media about the plaintiff's and their business with the intent of harming their reputation.

IV. (1) Defamation. — 28 U.S. Code 4101. Definitions

U.S. Code

The term "defamation" means any action or other proceeding for defamation, libel, slander, or similar claim alleging that forms of speech are false, have caused damage to reputation or emotional distress, have presented any person in a false light, or have resulted in criticism, dishonor, or condemnation of any person.

Defamation of character is a term that is used to describe when a false statement is written or spoken about an individual with the intent of harming their reputation.

Summary of the Argument

Conclusion

Certificate of Service

## Florida and Federal Statues

I. The verbal contract agreement between Wanda I. Gonzalez and Jennifer Lynn Szabo.

II. STATUE: Fla. Stat. § 713.346

Gulf Solar, Inc. v. Westfall, 447 So.2d 363 (Fla. 2d DCA 1984); Community Design Corp. v. Antonell, 459 So.2d 343 (Fla. 3d DCA 1984

95.11(2)(b), Fla. Stat. (2014).

§ 95.11(3)(k), Fla. Stat. (2014).

A claim for breach of contract requires "(1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of the contract." C & W Asset Acquisition, LLC v. Oggs, 230 S.W.3d 671, 676-77 (Tenn. Ct. App. 2007). The existence of an enforceable contract is undisputed; thus, the issue before our review is whether there was nonperformance amounting to a breach of the contract and, if so, whether damages were caused by the breach.

STATUE: Fla. Stat. § 713.346
THREATENING LETTERS AND SIMILAR OFFENSES
THREATENING LETTERS, ETC. 836.01 Punishment for libel.
836.06 Punishment for making derogatory statements concerning banks and building and loan associations.
836.07 Notice condition precedent to prosecution for libel.
836.08 Correction, apology, or retraction by newspaper.
836.09 Communicating libelous matter to newspapers; penalty.
836.02 Must give name of the party written about. —
(l) No person shall print, write, publish, circulate or distribute within this state any newspaper, magazine, periodical, pamphlet, or other publication of any character, either written or printed, wherein the alleged immoral acts of any person are stated or pretended to be stated, or wherein it is intimated that any person has been guilty of any immorality, unless such written or printed publication shall in such article publish in full the true name of the person intended to be charged with the commission of such acts of immorality.

(2) Any person convicted of any violation of this section shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083. Any person who shall aid in any way in the writing or printing of any literature in violation of this section shall be punished in the same manner as the principal might be punished upon conviction; provided, nothing in this section shall apply to mechanical employees in printing offices, or to newsboys.

History. ss. 1, 2, 3, ch. 4733, 1899; GS 3257; RGS 5088; CGL 7190; s. 988, ch. 71-136.

836.03 Owner or editor of the paper also guilty.—Any owner, manager, publisher or editor of any newspaper or other publication who permits any anonymous communication or communications such as is signed otherwise than with the true name of the writer, and such name published therewith to appear in the columns of the publication in which said communication any person is attacked in his or her good name, or it is attempted to bring disgrace or ridicule upon any person, such owner, manager, publisher or editor shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.

(a)  In the case of a broadcast or a daily or weekly newspaper or periodical, within 10 days after service of notice.

(b)  In the case of a newspaper or periodical published semimonthly, within 20 days after service of notice.

(c)  In the case of a newspaper or periodical published monthly, within 45 days after service of notice; and

(d)  In the case of a newspaper or periodical published less frequently than monthly, in the next issue, if notice is served no later than 45 days prior to such publication.

History.—s. 2, ch. 16070, 1933; CGL 1940 supp. 7064(2) •, s. 993, ch. 71-136; s. 2, ch. 80-34.

836.09   Communicating libelous matter to newspapers; penalty.—If any person shall state, deliver, or transmit by any means whatever, to the manager, editor, publisher or reporter of any newspaper or periodical for publication therein any false and libelous statement concerning any person, then and there known by such person to be false or libelous, and thereby secure the publication of the same he or she shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.

History.—s. 1, ch. 5142, 1903; GS 3259; RGS 5090; CGL 7192; s. 3, ch. 16070, 1933; CGL 1936 supp. 7064(3); s. 994, ch. 71-136; s. 1309, ch. 97-102.

836.10   Written threats to kill or do bodily injury; punishment.— Any person who writes or composes and also sends or procures the sending of any letter, inscribed communication, or electronic communication, whether such letter or communication be signed or anonymous, to any person, containing a threat to kill or to do bodily injury to the person to whom such letter or communication is sent, or a threat to kill or do bodily injury to any member of the family of the person to whom such letter or communication is sent commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

History.—s. 1, ch. 6503, 1913; RGS 5094; CGL 7196; s. 995, ch. 71-136; s. 1, ch. 2010-51.

836.11   Publications which tend to expose persons to hatred, contempt, or ridicule prohibited.—

(1) It shall be unlawful to print, publish, distribute or cause to be printed, published or distributed by any means, or in any manner whatsoever, any publication, handbill, dodger, circular, booklet, pamphlet, leaflet, card, sticker, periodical, literature, paper or other printed material which tends to expose any individual or any religious group to hatred, contempt, ridicule or obloquy unless the following is clearly printed or written thereon:

(a)  The true name and post office address of the person, firm, partnership, corporation, or organization causing the same to be printed, published, or distributed; and,

(b)   If such name is that of a firm, corporation or organization, the name and post office address of the individual acting in its behalf in causing such printing, publication, or distribution.

(2) Any person, firm or corporation violating any of the sections of this statute shall be guilty ..............................1 of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.

(2019)

Section 59.04, Florida Statutes (2019)

Section 59.06, I(a)(b), Florida Laws of Florida 001) ..............................3 Statutes (2019)

Chapter 2001-225, 5, Laws of Fla.   (2001)

Section 489.127 Florida Statutes

West's Florida Statutes Annotated
Title XXXII. Regulation of Professions and Occupations (Chapters 454-493) Chapter 492. Professional Geology

FL ST 674.406 Effective: July 1, 2004 West's Florida Statutes Annotated West's Florida Statutes Annotated
Title XXXIX. Commercial Relations (Chapters 668-688)
Chapter 674. Uniform Commercial Code: Bank Deposits and Collections
Article 4. Bank Deposits and Collections
Part IV. Relationship Between Payor Bank and Its Customer

Florida Statutes (1981) 1. Subsection (1)

West's Florida Statutes Annotated
Title XXXII. Regulation of Professions and Occupations (Chapters 454-493) Chapter 492. Professional Geology
Other Authorities

504.2 BREACH OF CONTRACT DAMAGES https://www.upcounsel.com/Florida-statute-oflimitations-contract
Model Rule 1.16(d) states:
2005 Florida Code - CRIMINAL PROCEDURE AND CORRECTIONS WITNESSES; CRIMINAL DEFAMATION; LIBEL; THREATENING LETTERS AND SIMILAR OFFENSES DEFAMATION; LIBEL; THREATENING LETTERS, ETC. 836.01 Punishment for libel.
836.02 Must give name of the party written about.
836.03 Owner or editor of the paper also guilty.
836.04 Defamation.
836.05 Threats; extortion.
836.06 Punishment for making derogatory statements concerning banks and building and loan associations.

836.07 Notice condition precedent to prosecution for libel.
836.08 Correction, apology, or retraction by newspaper.
836.09 Communicating libelous matter to newspapers; penalty.
836.10 Written threats to kill or do bodily injury: punishment.
836.11 Publications which tend to expose persons to hatred, contempt, or ridicule prohibited.
836.01 Punishment for libel. —Any person convicted of the publication of a libel shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
History. —s. 15, sub-ch. 7, ch. 1637, 1868; RS 2418; GS 3256; RGS 5087; CGL 7189; s. 987, ch. 71136.
836.02 Must give name of the party written about.
(1) No person shall print, write, publish, circulate or distribute within this state any newspaper, magazine, periodical, pamphlet, or other publication of any character, either written or printed, wherein the alleged immoral acts of any person are stated or pretended to be stated, or wherein it is intimated that any person has been guilty of any immorality, unless such written or printed publication shall in such article publish in full the true name of the person intended to be charged with the commission of such acts of immorality.

(2) Any person convicted of any violation of this section shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083. Any person who shall aid in any way in the writing or printing of any literature in violation of this section shall be punished in the same manner as the principal might be punished upon conviction; provided, nothing in this section shall apply to mechanical employees in printing offices, or to newsboys.
History. ss. 1, 2, 3, ch. 4733, 1899; GS 3257; RGS 5088; CGL 7190; s. 988, ch. 71-136.
836.03 Owner or editor of the paper also guilty.—Any owner, manager, publisher or editor of any newspaper or other publication who permits any anonymous communication or communications such as is signed otherwise than with the true name of the writer, and such name published therewith to appear in the columns of the publication in which said communication any person is attacked in his or her good name, or it is attempted to bring disgrace or ridicule upon any person, such owner, manager, publisher or editor shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
History. —s. 4, ch. 4733, 1899; GS 3258; RGS 5089; CGL 7191; s. 989, ch. 71-136; s. 1306, ch. 97102.
836.04 Defamation. Whoever speaks of and concerning any woman, married or unmarried, falsely, and maliciously imputing to her a want of chastity, shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
History. s. 1, ch. 3460, 1883; RS 2419; GS 3260; RGS 5091; CGL 7193; s. 990, ch. 71-136.
836.05 Threats; extortion.—Whoever, either verbally or by a written or printed communication, maliciously threatens to accuse another of any crime or offense, or by such communication maliciously threatens an injury to the person, property or reputation of another, or maliciously threatens to expose another to disgrace, or to expose any secret affecting another, or to impute any deformity or lack of chastity to another, with intent thereby to extort money or any pecuniary advantage whatsoever, or with intent to compel the person so threatened, or any other person, to do any act or refrain from doing any act against his or her will, shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
History. —s. 42, sub-ch. 3, ch. 1637, 1868; RS 2420; GS 3261; RGS 5092; CGL 7194; s. 1, ch. 57-254.

s. 991, ch. 71-136; s. 1307, ch. 97-102.

836.06 Punishment for making derogatory statements concerning banks and building and loan associations.—Any person who shall willfully and maliciously make, circulate or transmit to another or others any false statement, rumor or suggestion, written, printed or by word of mouth, which is directly or by inference derogatory to the financial condition or affects the solvency or financial standing of any banking institution or building and loan association doing business in this state, or who shall counsel, aid, procure or induce another to start, transmit or circulate any such statement or rumor, shall be guilty of a misdemeanor, and upon conviction thereof shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.

History. —s. 1, ch. 6819, 1915; RGS 5093; s. 1, ch. 11866, 1927; CGL 7195, 7315; s. 992, ch. 71-136.

836.07 Notice condition precedent to prosecution for libel.—Before any criminal action is brought for publication, in a newspaper periodical, of a libel, the prosecutor shall at least 5 days before instituting such action serve notice in writing on defendant, specifying the article and the statements therein which he or she alleges to be false and defamatory.

History. —s. 1, ch. 16070, 1933; CGL 1936 supp. 7064(1) •, s. 1308, ch. 97-102.

836.08 Correction, apology, or retraction by newspaper.

(1) If it appears upon the trial that said article was published in good faith; that its falsity was due to an honest mistake of the facts; that there were reasonable grounds for believing that the statements in said article were true; and that, within the period of time specified in subsection (2), a full and fair correction, apology, and retraction was published in the same editions or corresponding issues of the newspaper or periodical in which said article appeared, and in as conspicuous place and type as was said original article, then any criminal proceeding charging libel based on an article so retracted shall be discontinued and barred.

(2) Full and fair correction, apology, or retraction shall be made:

(a) In the case of a broadcast or a daily or weekly newspaper or periodical, within 10 days after service of notice.

(b) In the case of a newspaper or periodical published semimonthly, within 20 days after service of notice.

(c) In the case of a newspaper or periodical published monthly, within 45 days after service of notice: and

(d) In the case of a newspaper or periodical published less frequently than monthly, in the next issue, if notice is served no later than 45 days prior to such publication.

History. —s. 2, ch. 16070, 1933; CGL 1940 supp. 7064(2)•, s. 993, ch. 71-136; s. 2, ch. 80-34.

836.09 Communicating libelous matter to newspapers; penalty.—If any person shall state, deliver, or transmit by any means whatever, to the manager, editor, publisher or reporter of any newspaper or periodical for publication therein any false and libelous statement concerning any person, then and there known by such person to be false or libelous, and thereby secure the publication of the same he or she shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.

History. —s. 1, ch. 5142, 1903; GS 3259; RGS 5090; CGL 7192; s. 3, ch. 16070, 1933; CGL 1936 supp. 7064(3); s. 994, ch. 71-136; s. 1309, ch. 97-102.

836.10 Written threats to kill or do bodily injury; punishment.— Any person who writes or composes and also sends or procures the sending of any letter, inscribed communication, or electronic communication, whether such letter or communication be signed or anonymous, to any person, containing a threat to kill or to do bodily injury to the person to whom such letter or communication is sent, or a threat to kill or do bodily injury to any member of the family of the person to whom such letter or communication is sent commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

History. —s. 1, ch. 6503, 1913; RGS 5094; CGL 7196; s. 995, ch. 71-136; s. 1, ch. 2010-51.

836.11 Publications which tend to expose persons to hatred, contempt, or ridicule prohibited.

(1) It shall be unlawful to print, publish, distribute or cause to be printed, published or distributed by any means, or in any manner whatsoever, any publication, handbill, dodger, circular, booklet, pamphlet, leaflet, card, sticker, periodical, literature, paper or other printed material which tends to expose any individual or any religious group to hatred, contempt, ridicule or obloquy unless the following is clearly printed or written thereon:

(a) The true name and post office address of the person, firm, partnership, corporation, or organization causing the same to be printed, published, or distributed; and,

(b) If such name is that of a firm, corporation or organization, the name and post office address of the individual acting in its behalf in causing such printing, publication, or distribution.

(2) Any person, firm or corporation violating any of the sections of this statute shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.

Section 59.04, Florida Statutes (2019)
Section 59.06, I(a)(b), Florida Statutes (2019)
Laws of Florida
Chapter 2001-225, 5, Laws of Fla. (2001)
Section 489.127 Florida Statutes
West's Florida Statutes Annotated
Title XXXII. Regulation of Professions and Occupations (Chapters 454-493) Chapter 492. Professional Geology
FL ST 674.406Effective: July 1, 2004West's Florida Statutes Annotated West's Florida Statutes Annotated
Title XXXIX. Commercial Relations (Chapters 668-688)
Chapter 674. Uniform Commercial Code: Bank Deposits and Collections
Article 4. Bank Deposits and Collections
Part IV. Relationship Between Payor Bank and Its Customer
Florida Statutes (1981)1. Subsection (1)
West's Florida Statutes Annotated
Title XXXII. Regulation of Professions and Occupations (Chapters 454-493) Chapter 492. Professional Geology
Other Authorities

504.2 BREACH OF CONTRACT DAMAGES https://www.upcounsel.com/Florida-statute-oflimitations-contract

Model Rule 1.16(d) states:

2005 Florida Code - CRIMINAL PROCEDURE AND CORRECTIONS WITNESSES; CRIMINAL

PLAINTIFF'S INTIAL COMPLAINT

1

### STATEMENT OF THE FACTS ON BREACH OF CONRACT

This is an action a Civil lawsuit against the defendant's Jennifer Szabo / Jill Szabo and Management La La's Nail Lounge formally Known as La La's Nail Salon for breach of contract By refusing to pay balance on contract and defaming the Plaintiff, Plaintiffs Business, employees and family.

where the defendant's changed the name of the business to avoid lawsuit due to operating a business at the time for illegally under a decease person and failure to pay balance owed for services rendered for the amount due of $100,000 for damages against the plaintiff's and business named above for breach of contract.

The parties are adults and residence of Marion County Florida and state the following, in its entire case, breach of contract for damages against the defendant's and business named above is a term that is used to describe when a false statement is written or spoken about an individual with the intent of Elements of a Breach of Contract in Florida

The elements of a breach of contract in Florida are:

(1) The existence of a contract.

(2) A breach (material breach) of the contract.

(3) Damages resulted from the breach.

Plaintiff and defendant entered a contract to remodel defendants' business and residence. Plaintiff did all, or substantially all, of the essential things which the contract required him/her/corporation to do or that he/she/corporation was excused from doing those things; (obligations under the contract, often called conditions precedent. If one party has fulfilled all their obligations and gotten nothing in return, a material breach has taken place)

All conditions required by the contract for plaintiff's performance had occurred; (plaintiff performed its part of the bargain, and defendant did nothing in return, or the performance they rendered was so inadequate as to be relatively valueless).

(1) No person shall print, write, publish, circulate or distribute within this state any newspaper, magazine, periodical, pamphlet, or other publication of any character, either written or printed, wherein the alleged immoral acts of any person are stated or pretended to be stated, or wherein it is intimated that any person has been guilty of any immorality, unless such written or printed publication shall in such article publish in full the true name of the person intended to be charged with the commission of such acts of immorality

Contract — Damages — Estoppel. When one party enters upon the performance of a contract, and incurs expense therein, and being willing to perform, is, without fault of his own, prevented by the other party from performing, his loss will consist of two distinct items of damage: 1st, his outlay and expenses, less the value of materials on hand; 2d, the profits he might have realized by performance; which profits are related to the outlays and include them and something more. The first item he may recover in all cases unless the other party can show the contrary; and the failure to prove profits will not prevent him from recovering it. The second he may recover when the profits are the direct fruit of the contract, and not too remote or speculative. In an action for breach of a contract by wrongfully putting an end to it, the party committing the wrong is estopped from denying that the other party has

been damaged to the extent of his actual loss and outlay fairly incurred. If, in a suit in the Court of Claims for breach of contract by the United States by preventing the petitioner from performing his contract, the petition prays judgment for damages arising from the loss of profits, and also for outlay and expenses, the petitioner may recover for such part of the outlay and expenses as he may prove, although he may fail to establish that there would have been any profits. If a party injured by the stoppage of a contract elects to rescind the contract, he cannot recover either for outlay or for loss of profits; but only for the value of services actually performed, as upon a quantum meruit.

As before stated, the primary measure of damages is the amount of the party's loss; and this loss, as we have seen, may consist of two heads or classes of damage — actual outlay and anticipated profits. But failure to prove profits will not prevent the party from recovering his losses for actual outlay and expenditure.

Defendant failed to do something essential which the contract required him/her/corporation to do; and Plaintiff was harmed by that failure and by posting negative remarks of the plaintiff's business, employees, and personal family members on social media.

II. Jennifer Lynn Szabo Files Suit Against Wanda I. Gonzalez to Recover Money Damages less than Fifteen Thousand Dollars ($15,000).

III. The Lower Court Grants Summary Judgment in Favor of Jennifer Lynn Szabo

Defendant then began posting in social media derogatory and vague language against the plaintiff's making and describing a false statement written and spoken in social media about the plaintiff's and their business with the intent of harming their reputation.

IV. (1) Defamation. — 28 U.S. Code 4101. Definitions

U.S. Code

The term "defamation" means any action or other proceeding for defamation, libel, slander, or similar claim alleging that forms of speech are false, have caused damage to reputation or emotional distress, have presented any person in a false light, or have resulted in criticism, dishonor, or condemnation of any person.

Defamation of character is a term that is used to describe when a false statement is written or spoken about an individual with the intent of harming their reputation.

- A- On August 4th, a verbal agreement was enter between both parties in the remodeling of La La's Nail salon and defendant; s residence in Ocala Florida currently La La's Nail LOUNG LLC.

1- On or about August 13, 2018 the plaintiff received the keys for the new location for La La's Nail Salon where it was a false declaration of the date which the evidence was posted in face book by the defendant. During her post of Defamation of Character" is a term for any statement that hurts someone's reputation. Written defamation is called "libel," while spoken defamation is called "slander.". Defamation is not a crime, but it is a "tort" (a civil wrong, rather than a criminal wrong).

2- On 22nd of August the defendant received her furnishes for the location four weeks in advance, also posted on face book by the defendant.

3- On the 23rd of August, the defendant received the tiles for the location also 4 weeks in advance posted on face book by the defendant.

4- On the 31st of August, the defendant hired a company name Jorge the Plummer to remove the rugs of the location,

On the 6th of September, an estimate was agreed upon for repairs of the wall.

7-. On the 6th September, the expansion of the wall opening was commencing for La La's Nail Lounge and the installation began of the opening wall.

8-. On the 18th of September 2018, an estimate and agreement were made for the title's installation in which on this date the Plaintiff's began work of the same on the 20th of September. Posted by the defendant on face book.

8- On the 24th of September the defendant requested the Plaintiff's to stop the work on the floor due to the Plummer needed to begin his work and repair all the pluming of the location, the plumber had to stop work for 2 weeks pending county permit.

Plummer will testify of the same.

9. On September 24th and upon the completion of such, the defendant request and agreed upon to remodel the bathroom of her residence and were transfer to the defendants residence upon her request the plaintiff; s began to install tiles on the bathroom floor and walls for an agreement of payment of the worked for the residence $6,000.00 dollars (Six Thousand Dollars)

10. On or about October 3rd the plaintiff's completed the remodeling of the defendant's bathroom at her residence and continue an additional assignment and began the repair of the kitchen and the master bathroom until Oct.24th.

11. During the period of Oct.4th thru October 24th the plaintiffs were unable to continue to work due pending plumbers' completion. that's when the defendant contacted the plaintiff's via phone call to Mr. Borrero to return to the site of to Plumer, HVAC and the electrician had not finalized their work until the 24th of Oct. 2018 business and agreed upon the return on the 25th of October 2019. that is the reason of why R&W was unable to perform their duties.

12- On or about the 26th of September the defendant received her permit from the county for the repair of the pluming (plumbers will testify).

13. On the 25th of October the plaintiff's began work on the site of business on the installation of the drywall which was not complete due to the pending the installation of pluming and electricity leaving a balance of four thousand dollars which the defendant has not paid for the same,

14- The defendant stated that the plaintiffs had ceased work on the 22nd of October at La la's nail salon which was also a false statement due to the fact that the plaintiffs were still working at her residence as per her request until the 26 of October.

15- There for a total of lapse between the residence and the return to the business site was one month due to the plumbing company, electrician and HAVC company were waiting for permits and authorizations from the county.

16- Defendant stated that the wall was wrongfully installed and but the Plummer stated differently that all he need to do was place additional drywall screws, trying to indicate that it was an additional lost for the defendant where the defendant stated that the wall was correctly install, the state building inspector did pass inspection and that it was correctly installed by the plaintiff not as the defendant stated.

The defendant stated that she had intensive economical lost in the opening of her business where in fact the contract between R&W the date of completion was stated for November 8th 2018 and where the non-license contractor completed his assignment on November 20th 2018 in additional of the final inspection an her indication on the date of the opening of her business presented in social media of the same.

17 Defendant refusal to pay the balance of the contract agreement violates state and federal.

18-  Where Plaintiff's will present evidence that the register owner of La La's nail salon was NICOLAE SZABO who is currently decease not the defendant as she had claimed.

19- That the defendant had fails to inform the Secretary of State that the register owner was decease for a period over one year, and that the decease did not prior to his death register a will designating the defendant as the sole individual to continue operating the business, and where after the submission of appeal to the fifth district court of appeal, the defendant knowingly that she was operating a business under a disease person proceeded to change the name to La La's Nail LOUNG LLC under her name.

20- On the prior license the register owner did not provide the legal documents to the Secretary of State in place designating the defendant as the sole proprietor in case of death nor the

defendant proceeded hiring an probate Attorney to legally submit the proper documentation to the State of Florida assigning the defendant or assigning a member of his heirs as the proper individual to continue such business.

21- State Law states that an operating agreement which is a contract that governs an LLC operation after its owner death, standard procedure of the transfer or designation of whom will be the beneficiary to continue the operation of the business was not filed.

22- Defendant did not nor the register owner complete nor file the proper documentation to the state of Florida designating the defendant as the owner or authorize individual to continue operating the business upon his death and that the defendant while illegally operating the business in the new location fail to inform the State of the new address.

23- That in this matter since the register owner did not file the appropriate documents or submit a will State Law must determine who inherited the business and that the defendant is operating La La's Nail Salon illegally.

24- That if no provision within a single member the LLC must become an asset of the estate and probate, the defendant fails once again to inform the Secretary of State Office of the same and process the proper amended documentation to the original operating agreement after the death of the register owner.

25- West's Florida Statutes Annotated   Title XXXII. Regulation of Professions and Occupations (Chapters 454-493)

26- Chapter 492. Professional Geology

...A person holding a provisional license shall exhibit such provisional license each time and, on each occasion, that an indication of licensure is required....

Where the defendant illegally hired an electrician without a license to perform work at the location as such

Defendants begins defamation for not wanting to pay.

---

The defendant proceeded to post on Face Book and Messenger defamations/slander and libel against the plaintiff's, employees and business using vulgar language stating obscenity, profanity against the plaintiff's and their business, that has cost an intensive loss of income due to the profanity used by the defendant on Facebook and messenger.

The United States, federal defamation law is closely tied to the First Amendment. As a result, federal slander and libel laws are more defendant-friendly in the U.S. false statements of fact that harm the reputation of an individual or business, aren't protected under Constitutional Free

Speech provisions. a defamation claim can arise when one person makes an untrue factual statement about someone else.

1) (A defamatory statement) that is "published" to a third party (someone other than the plaintiff and the defendant).

2) Slander pertained to spoken defamation and libel to written. Where defamatory statements published via radio, television, or the internet

3) (The essential defamation elements) where that the plaintiff's and their families suffered what are referred to as "special damages" because of the defamation.

4) Special damages are actual harm like loss of customers, being fired, or some other financial harm.

5) Any harmful statement about the plaintiff's profession or business.

6) The defendant published a defamatory statement about the plaintiff and other people were exposed to the statement.

7) Where the plaintiff's economic losses, the mental anguish and emotional distress, resulted from having the plaintiff's and their business reputation harmed.

8) ) Defamation•. —28 U.S. Code 54101.Definitions U.S. Code

9) The term "defamation" means any action or other proceeding for defamation, libel, slander, or similar claim alleging that forms of speech are false, have caused damage to reputation or emotional distress, have presented any person in a false light, or have resulted in criticism, dishonor, or condemnation of any person.

10) A civil sue was file at the state level for defamation and liber on 02/10/2020.

11) On 02/17/2020 and 02/26/2020 the Marion County sheriff's office served the defendant's summons.

12) On 07/08/2020 and order for final hearing was send to the defendants by Honorable Judge Hodges for the date of 09/15/2020.

13) Defendants ignore the summons and did not attend the hearing disregarding a court order to appear.

14) A MOTION-ANSWER/RESPONSE-REQUEST FOR DEFAULT RULE 1.500 A ND 1.500 FILED BY PLTF WANDA GONZALEZ AND RAMON BORRERO.

15) Judge Hodges denied the request for Judgement and without an opinion illegally dismiss the case not citing the reason for his decision on the matter even knowing that the defendants have ignore any correspondence and order to appear to the court by Judge Hodges.

## Statement and Conclusion

Defendants have ignored all communication and request for payment on the amount due for services render to R&W the Master's Enterprises.

## Plaintiff's Request

In additions the Plaintiff's named above hereby request that this Honorable Court grants a hearing on the above case matter.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a copy of the foregoing has been provided to the UNITED STATE STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA and mailed to Jennifer Szabo/Jill Szabo DBA La La's Nail LOUNG LLC at 2111 SW HIGHWAY 484, OCALA, FL 34473.

RESPECTFULLY SUBMITTED,

WANDA I. GONZALEZ
PRO-SE

RAMON BORRRERO
PRO-SE