**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

WANDA I GONZALEZ, RAMON
BORRERO AND R&W THE MASTER
ENTERPRISE,

      Plaintiffs,

vs.                                      Case No. 5:20-cv-562-Oc-34PRL

JENNIFER SZABO and JILL SZABO,

      Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See University of South Ala. v. American Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). Here, Plaintiffs satisfactorily allege none. Plaintiffs allege in the Complaint (Doc. 1) that all parties are residents of Marion County, Florida. Although citizenship, not residence, is what matters for purposes of

establishing jurisdiction, Plaintiffs present no facts suggesting that the parties are of diverse citizenship.[1] In addition, Plaintiff's Complaint consists of state law claims for breach of contract and defamation. While Plaintiffs cite to a federal statute, 28 U.S.C. § 4101, presumably as the basis of their defamation claim, this statute is the definition section of the Securing the Protection of our Enduring and Established Constitutional Heritage ("SPEECH") Act, and does not create a cause of action. See Rosado v. Nichols, No. 217CV195FTM99MRM, 2017 WL 1476255, at *5 n. 3 (M.D. Fla. Apr. 25, 2017). Accordingly, upon review, the Court finds that Plaintiffs have failed to allege any basis for the Court's exercise of subject matter jurisdiction over this action.

Ordinarily, the Court would provide Plaintiffs an opportunity to attempt to cure the jurisdictional pleading deficiency. However, the Court's docket reflects that this is the third time Plaintiffs have filed suit against this Defendant and the Court has informed Plaintiffs twice that their alleged jurisdictional basis for filing suit in this Court with respect to these claims is insufficient and has twice dismissed the action for lack of subject matter jurisdiction. See Gonzalez v. Szabo, No. 5:20-CV-56-OC-30PRL, 2020 WL 1236647, at *1 (M.D. Fla. Feb. 21, 2020), report and recommendation adopted, No. 5:20-CV-56-OC-30PRL, 2020 WL 1234818 (M.D. Fla. Mar. 13, 2020) (dismissing suit and explaining to Plaintiff Wanda I. Gonzalez that the Court does not have subject matter jurisdiction over state law claims for breach of contract and defamation and that 28 U.S.C. § 4101 and the rest of the SPEECH Act do not provide a relevant cause of action); See Order (Doc. 15), entered in Gonzalez v. Szabo, No. 5:19-cv-625-Oc-30PRL (dismissing suit brought by Plaintiffs Wanda I. Gonzalez and Ramon Borrero for defamation, libel, and slander, on the

---

[1] See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person.").

basis of lack of subject matter jurisdiction). As such, the Court has no reason to believe that the jurisdictional deficiencies in the Complaint can be corrected. Therefore, the Court dismisses this case pursuant to Federal Rule of Civil Procedure 12(h)(3).

In light of the foregoing, it is **ORDERED**:

1. This case is **dismissed without prejudice** for lack of subject matter jurisdiction.
2. All pending motions are denied as moot.
3. The Clerk is directed to close this case.

**DONE AND ORDERED** in Chambers on January 11, 2021.

MARCIA MORALES HOWARD
United States District Judge

lc28
Copies to:

Counsel of Record
Pro Se Parties